GreeN, J.
delivered the opinion of the court.
The prisoner stands convicted of having received stolen goods, knowing them have been stolen, with intent to defraud the owner. It is insisted the evidence does not establish her guilt, and that this court ought to grant a new trial.
In the case of Dain vs. The State, (2 Hump. R. 442,) this court said: “The rule, that this court will not grant a new trial, upon the facts, unless the jury shall appear guilty of great rashness, does not apply to criminal cases.” In the case of Kirby vs. The State, (3 Hump. R. 304,) the court after commenting upon what is above quoted from the opinion in Dam’s case, say: “All we mean to say in Doin’s case, is, that the rule in the strong language in which it is so frequently laid down in civil cases, does not apply, as there stated, to criminal cases.”
*553 Although, therefore, upon a mere doubt, such as would justify a jury in a verdict of not guilty, we would not grant a new trial; yet where the evidence is not sufficient to warrant the verdict, a new trial will be granted in criminal cases, although it may not be such a case of rashness as would induce a like judgment in a civil case.
In the case before the court, the facts are in a narrow compass.
The defendant lived in Memphis, with one William Bellew as his wife, the parties being unmarried. They kept a boarding house, and had boarders. The articles stolen (a leather trunk and some mechanical tools) were found in the house, and under the bed in which Bellew and the defendant slept. The trunk had man’s apparel in it, and the tools were in a box, in which also were found some bed clothes, which the defendant claimed. Bellew was apprehended, and while he was at the magistrate’s office, a party watched the defendant, to see if she would hide any thing, but she made no attempt to do so. This was all the evidence. Upon this evidence we do not think the conviction of the defendant ought to stand. For how reprehensible soever her mode of life may be, and calculated to create suspicion that she would readily engage in other crimes; yet we ought not to permit her to be punished for such crimes, unless she is proved to be guilty. In this case the proof does not fix on her, knowledge that the goods were stolen. There is nothing from which we can infer that Bellew told her they were stolen; and unless he did so, might not she suppose he had honestly “purchased them? The mere fact that they were found in the bed-room of herself and Bellew, is not incompatible with her innocence — the facts proved, must be inconsistent with any other hypothesis than the defendant’s guilt. Such is not the case here.
Reverse the judgment, and award a new trial.